JANVIER, Judge.
Clarence M. Wise, who is engaged in business in New Orleans under the trade name, Wise Builders Supply Company, sues Victor Bruno for $223, claimed to be due for labor and material furnished under a contract for installing the guttering and a water heater vent, and for certain minor extras on a house which Bruno was having constructed in New Orleans during the year 1949.
Wise claims $185 as the contract price for the guttering; $15 as the amount agreed upon for the installation of the water heater vent in the roof; $16.50 for certain extras or changes, which he says were ordered by Bruno, and $6.50 for city and state taxes, making a total of $223.
Defendant Bruno answered, denying that he entered into a contract with Wise or that Wise furnished any labor and material on the house, but admitting that certain work was done by Burns Sheet Metal Company under a contract which provided for $185 for the guttering and $15 for the vent, but he averred that the work was done unsatisfactorily to such an extent that to correct the defects would cost more than the amount charged by the contractor. He averred particularly that the guttering in front of the house did not drain, that the downspouts were not cemented to the terra cotta drains, that the seams in the guttering were badly fitted, and that the guttering contained many short sections instead of being made of the usual long sections. Bruno made certain other complaints as to the workmanship, particularly contending that the metal supports of the guttering were clamped to the beading with pliers, with the result that at each point where there was such a support, the beading was flattened in an unworkman-like manner resulting in an unsightly appearance along the front of the house.
There was judgment for plaintiff for $170, and defendant has appealed. Plaintiff answered the appeal, praying that the amount awarded be increased to $223 as originally prayed for.
The record shows that Frank Burns was an employee of Wise and that in entering into the contract with the defendant Bruno, Burns was representing Wise. Counsel for Bruno stated that their only object in contending that Bruno had contracted with Burns and not with Wise was to protect Bruno against any possible claim by Burns. Inasmuch as Burns testified that he was acting for Wise and not for himself, there is no possibility that he may in the future claim that he himself was the contractor and attempt to collect from Bruno.
The principal controversy arises over the question of whether the guttering was installed in a workmanlike manner. Two major contentions are made. Defendant declares that the guttering on the front of the house was not installed so that it would drain towards the downspouts, and plaintiff admits that the guttering was installed in that manner, but says that it was done because the defendant insisted that the guttering be level across the front of the house.
Plaintiff says that it. is true that when guttering is installed level instead of so as to permit it to .drain towards the downspouts, the result is that for a short time *312 after each rain a small amount of water may remain in the gutter, and he says that in this case after a rain about one-half inch or so of water remained in the gutter, but that in a short time this drained out also.
Plaintiff also contends that the guttering was installed properly; that short lengths were used only here and there as is customary in such work, and that the supports were attached to the beading in the proper manner.
There is considerable testimony as to whether the work was done properly or not. It would be very difficult indeed for us to reach a decision were it not for the fact that the trial judge apparently concluded that the work was done in a workmanlike manner. If the testimony produced by the plaintiff is to be believed, we would conclude that the work was properly done, and if the testimony produced by the defendant gives the true picture, we would arrive at a contrary conclusion. In such a situation there is nothing that we can do but accept the views of the trial judge who saw and heard the witnesses.
We are particularly impressed by the fact that it seems obvious that the defendant did not make the various complaints on which his defense is now founded until several months after the work had been done and until the plaintiff had become rather insistent that his 'bill be paid.
We are unable to understand the reasons for allowing plaintiff judgment of only $170. The contract price for the guttering was $185, and the contract price for the heater vent was $15, so that even if we eliminate the charges for the extras, the judgment should have been for $200. plus the taxes of $6, or $206.
When we come to consider the extras, we find a dispute as to whether they were made necessary by the demands of the defendant, or whether they resulted from the fact that a certain part of the work was not done satisfactorily and had to be replaced. Since the judge a quo decided this issue against plaintiff and did not allow for the extras, we have decided to make no allowance here. We cannot say that the conclusion reached by the trial judge on this issue was obviously erroneous.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the increase of the amount thereof to $206, and that as thus amended it be affirmed, defendant to pay all costs.
Amended and affirmed.